IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KEYSTONE DISTRICT COUNCIL OF CARPENTERS PENSION FUND, BUILDING TRADES HEALTH AND WELFARE FUND, CARPENTERS DEFERRED SAVINGS FUND, and MICHAEL W. PLATT, as Trustee, | : : : : : : | Civil Action No. 1:06-CV-1200  (Chief Judge Kane) |
| Plaintiffs | : : | |
| v. | : : | |
| ANTHRACITE SKILLED TRADES, INC., and JOSEPH V. PIRO, | : : : | |
| Defendants | : | |

## MEMORANDUM

**I.   INTRODUCTION**

This is a contract action governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA") in which the Clerk of Court entered judgment of confession against the captioned Defendants and in favor of Plaintiffs in the amount of $50,045.37. Defendants have never participated in this action in any way and no counsel has entered an appearance on their behalf, although both Defendants have been properly served with notice of the judgment. Following entry of judgment, Plaintiffs served Defendant Joseph Piro with a notice commanding him to appear for a deposition as part of an effort to discover information relevant to executing the judgment entered in this case. Plaintiffs aver that Defendant Piro failed to appear for the deposition, notwithstanding the fact that he had been properly served. Additionally, Plaintiffs served upon Defendant Anthracite Skilled Trades a series of interrogatories, also for the purpose of discovering information relevant to execution of

judgment.[1] Anthracite Skilled Trades never responded to these interrogatories.

Now pending before the Court are two unopposed motions filed by Plaintiffs requesting that the Court enter orders to (1) impose sanctions upon Defendant Joseph Piro for his failure to attend a deposition and (2) compel Defendant Anthracite Skilled Trades to respond to the interrogatories served upon the company in November 2006.

**II.    DISCUSSION**

    **A.    Motion for Sanctions**

Plaintiffs have moved the Court to impose sanctions against Defendant Piro pursuant to Rule 37(d) of the Federal Rules of Civil Procedure for failing to appear for the noticed deposition that Plaintiffs assert was scheduled to be taken on December 20, 2006. (Doc. No. 24.) In support of this motion, counsel for Plaintiffs submitted a copy of the notice that was served upon Defendant Piro. (Doc. No. 24, Ex. A, Notice of Deposition.) Additionally, counsel has provided a transcript of the deposition proceedings during which she represented on the record that Defendant Piro had received notice of the scheduled deposition and had failed to appear for more than 45 minutes, at which point counsel terminated the deposition due to Piro's absence. (Doc. No. 24, Exs. A, B.) Finally, Plaintiffs' counsel has submitted an affidavit in which she represents that she spent two and one-half hours preparing the motion for sanctions and the supporting documents, and that she anticipated spending an additional two hours in connection with any

---

[1] Although discovery under Rules 26 through 37 of the Federal Rules of Civil Procedure is typically conducted prior to trial or entry of judgment, Rule 69 expressly allows judgment creditors to resort to discovery in an effort to enforce a judgment. See Fed. R. Civ. P. 69 ("In aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person, including the judgment debtor, in the manner provided in these rules or in the manner provided by the practice of the state in which the district court is held.")

hearing on the motion that might be scheduled.  (Doc. No. 25, Aff. of Maggi E. Colwell, Esq.)  In the affidavit, counsel represents that her hourly rate for legal services is $175.  (Id.)

Due to what appears to be a clerical error, the notice of deposition that was served upon Defendant Piro expressly stated that the deposition was scheduled for "December 20, 2007." (Doc. No. 24, Ex. A, Notice of Deposition, at 1.)  Although the timing of the notice and counsel's subsequent attendance at a deposition on December 20, 2006, suggest that the date provided in the notice was incorrect, the Court will not impose sanctions upon a party who has failed to appear for a deposition that, according to the terms of the notice, is not yet due to occur.  For this reason, Plaintiffs' motion for sanctions must be denied.  In the event Plaintiffs again notice Defendant Piro's deposition, and if he subsequently fails to appear, Plaintiffs shall be permitted at such time to move for sanctions if circumstances so warrant.

**B.     Motion to Compel**

Plaintiffs also move the Court to compel Defendant Anthracite Skilled Trades to answer the interrogatories that Plaintiff propounded in November 2006.  Plaintiffs represent that they served the interrogatories in an effort to discover information relevant to execution of the judgment entered in this case.  Upon receiving no response for approximately four months, Plaintiffs filed the instant motion to compel.  Plaintiffs filed a brief in support of their motion on March 28, 2007.  Anthracite Skilled Trades has not responded to the interrogatories or to the instant motion.

Rule 33 of the Federal Rules of Civil Procedure authorizes, subject to certain restrictions, a party to serve written interrogatories upon another party and requires such party to answer the interrogatories.  Fed. R. Civ. P. 33.  This rule also provides that the party submitting the

interrogatories may move for an order to compel pursuant to Rule 37(a) in the event the party upon which the interrogatories are served fails to respond. Fed. R. Civ. P. 33(b)(5); see also Fed. R. Civ. P. 37(a)(2)(B) ("If . . . a party fails to answer an interrogatory submitted under Rule 33 . . . the discovering party may move for an order compelling an answer," provided the moving party first seeks to secure the requested information without resorting to court action).

Upon consideration, the Court finds good cause to grant the motion to compel. Plaintiff served the interrogatories upon Defendant in November 2006 and has not yet received answers. Additionally, Plaintiffs' counsel represented that she sought to resolve this matter informally with Defendant, but was unable to do so. The motion is therefore well-taken and the Court will order that Defendant answer the interrogatories within 30 days. In the event Defendant fails to comply, the Court may impose sanctions pursuant to Rule 37(d).

Plaintiffs do not expressly request that the Court impose sanctions for Defendant's failure to provide answers to the interrogatories. Nevertheless, in the proposed order submitted with the motion Plaintiff has proposed a sanction in the amount of $2,267.66, purportedly for legal fees and expenses incurred in connection with preparing and filing the motion to compel. To the extent inclusion of this request in a proposed order can be construed to be a proper motion for sanctions, it will be denied. Plaintiffs' counsel does not explain how this dollar figure was calculated, the extent of the services allegedly rendered, or the appropriateness of the sanction proposed. In the event Defendant fails to comply with the terms of this order directing that answers to the interrogatories be provided within 30 days, Plaintiffs shall be permitted to move for sanctions and to provide evidentiary support for the fees and expenses incurred in connection with their effort to obtain discovery in this case.

**III.    CONCLUSION**

For the reasons set forth above, Plaintiffs' motion for sanctions (Doc. No. 24) will be denied and Plaintiffs' motion to compel Defendant Anthracite Skilled Trades to answer interrogatories (Doc. No. 27) will be granted.  An appropriate order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KEYSTONE DISTRICT COUNCIL** | : | |
| **OF CARPENTERS PENSION FUND,** | : | |
| **BUILDING TRADES HEALTH AND** | : | Civil Action No. 1:06-CV-1200 |
| **WELFARE FUND, CARPENTERS** | : | |
| **DEFERRED SAVINGS FUND, and** | : | **(Chief Judge Kane)** |
| **MICHAEL W. PLATT, as Trustee,** | : | |
| | : | |
| **Plaintiffs** | : | |
| | : | |
| v. | : | |
| | : | |
| **ANTHRACITE SKILLED TRADES,** | : | |
| **INC., and JOSEPH V. PIRO,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

**AND NOW**, this 10th day of August, 2007, for the reasons set forth in the within memorandum, **IT IS HEREBY ORDERED THAT:**

1. Plaintiffs' motion for sanctions against Defendant Joseph V. Piro (Doc. No. 24) is **DENIED**.

2. Plaintiffs' motion to compel Defendant Anthracite Skilled Trades, Inc., to answer interrogatories (Doc. No. 27) is **GRANTED**. Defendant shall be required to provide complete answers to Plaintiffs' interrogatories within 30 days of being served with a copy of this order and the interrogatories that are the subject of the motion.

**IT IS FURTHER ORDERED THAT** Plaintiffs shall serve a copy of this order upon Defendants and certify to the Court that such service has been made.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania
